```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SALEEM AKHTAR                                    CIVIL ACTION

VERSUS                                           NO: 07-8272

ALLSTATE INSURANCE COMPANY                       SECTION: J(4)
```

### ORDER AND REASONS

Before the Court is Plaintiff Saleem Akhtar's **Motion to Remand and Request for Attorney's Fees and Costs (Rec. Doc. 4)**. This motion, which is opposed, is set for hearing on December 26, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted in part and denied in part.

### Background Facts

This action arises out of damages sustained during Hurricane Katrina.  Allstate Insurance Company ("Allstate") issued a policy of homeowner's insurance to Anthony Garcia and Christina Smith who assigned their right to proceed under the policy to Plaintiff.

Plaintiff filed suit against Allstate in state court for the Parish of St. Tammany, alleging breach of contract and improper adjusting of Plaintiff's insurance claims.  Allstate subsequently

removed pursuant to this Court's diversity jurisdiction.

## The Parties' Arguments

The parties agree that diversity exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiff contends that the amount in controversy does not exceed $75,000. Plaintiff's original petition contained the following binding stipulation: "Petitioner affirmatively and knowingly waives entitlement to any damages, including penalties and statutory fees, but exclusive of interest and costs, in excess of $74,999.00." Plaintiff cites Gasquet v. Lexington Ins. Co. in which Judge Engelhardt examined a petition with this same language, finding that such a knowing and affirmative waiver constitutes a binding stipulation and/or "judicial confession" sufficient to establish that plaintiff could not recover more than the jurisdictional amount as a matter of law. No. 06-5931, 2006 WL 3497777 (E.D. La. Nov. 30, 2006); see also Lilly v. Allstate Ins. Co., No. 07-8087, 2007 WL 4255616 (E.D. La. Nov. 30, 2007) (Vance, J.) (finding that plaintiffs' stipulation establishes with legal certainty that their claims are for less than $75,000, therefore defeating removal). Furthermore, because Allstate had no objectively reasonable grounds to believe the removal was legally proper, Plaintiff argues that attorney's fees and expenses incurred in bringing the instant motion to remand should be awarded.

Allstate responds that Plaintiff's purported stipulation

omits a waiver of the right to amend the petition, preserving Plaintiff's option to amend the petition after one year to plead an amount in controversy in excess of $75,000.  As such, Allstate forwarded to Plaintiff a Binding Pre-Removal Stipulation that included a waiver of Plaintiff's right to amend his petition for damages "after one year to plead an amount in controversy in excess of $75,000, including all penalties and attorneys' fees, but exclusive of interests and costs."  To date, Plaintiff has refused to sign this Binding Pre-Removal Stipulation.

Allstate suggests to the Court that it does not oppose the remand based on Plaintiff's stipulation in his petition, but requests that any order remanding the case specifically incorporate Plaintiff's stipulation by reference and express the Court's reliance on these representations as the basis for ordering the remand.  Allstate further requests this Court include in the remand a condition expressly stating the remand will not affect Allstate's right to remove the action again if Plaintiff later tries to avoid the amount in controversy stipulation by amending the petition after one year.

## Discussion

**A.  Jurisdiction**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28

U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar, 47 F.3d at 1412.  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aguilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.  However, a defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled.  Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  The removal statutes should be strictly construed in favor of remand.  Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

The Court finds that Plaintiff's stipulation contained in his petition establishes with legal certainty that his claims are for less than $75,000.  Therefore, this Court lacks jurisdiction and this matter must be remanded.

Allstate has asked the Court to include in this remand order a condition expressly stating that the remand will not affect Allstate's right to remove the action again if Plaintiff later

4

tries to avoid the amount in controversy stipulation by amending the petition after one year.  The Court cannot grant Allstate an exemption from 28 U.S.C. § 1446(b).  If Allstate has cause to remove the action a second time, it can seek equitable estoppel of the removal statute's one-year limitation based on the specific facts surrounding that removal.  See Lilly, 2007 WL 4255616, at *1.

**B.   Attorney's Fees**

Under 28 U.S.C. 1447(c), a district court has discretion to award costs and expenses, including attorney's fees, incurred as a result of the removal.  In exercising its discretion to impose such fees, courts are to consider the propriety of a defendant's removal.  See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).  The Court, however, declines to make such an award in this case as it is not obvious that Allstate's removal of this matter was legally improper.  Given the controlling Fifth Circuit case law, Plaintiff could have verified his petition, or filed with his petition a separate binding stipulation, such that removal could have been avoided at the outset.  Gasquet, 2006 WL 3497777, at *4.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 4)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Request for Attorney's Fees (Rec. Doc. 4)** is hereby **DENIED.**

5

New Orleans, Louisiana, this 21st day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE